**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAM JONES, individually as an aggrieved employee and on behalf of other aggrieved employees,<br><br>        Plaintiff - Appellee,<br><br>   v.<br><br>BATH & BODY WORKS, LLC,<br><br>        Defendant - Appellant. | No. 14-56778<br><br>D.C. No. 2:13-cv-05206-FMO-AJW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted December 8, 2014[*]
Pasadena, California

Before: GRABER, GOULD, and CALLAHAN, Circuit Judges.

This is an appeal, filed pursuant to 28 U.S.C. § 1453(c), of the district

court's order remanding the underlying putative class action to state court.

Reviewing the district court's remand order *de novo*, *Abrego Abrego v. Dow Chem.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (per curiam), we reverse the district court's remand order and conclude that the district court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

The sole dispute on appeal was whether defendant has met its burden of proof under CAFA to establish that the amount in controversy exceeds $5 million, but this dispute no longer existed when we heard oral arguments of the parties. At oral argument, plaintiff conceded that the evidence submitted by defendant, if credited, is sufficient to show by a preponderance of the evidence that the amount in controversy exceeds $5 million. Plaintiff also conceded in its answering brief that "the district court may not have fully considered the sample data submitted by [defendant]. If the estimated amounts from the sample data were extrapolated to cover all eligible putative class members, then the figures provided for the waiting time penalties alone would likely eclipse the $5 million threshold."

Parties cannot consent to subject matter jurisdiction, and a lack of subject matter jurisdiction is a non-consentable defect. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 n.21 (1978). Here, however, we agree with the parties that defendant has submitted sufficient evidence to show by a preponderance of the evidence that the amount in controversy exceeds $5 million. We conclude that the district court has jurisdiction over the underlying putative class action under

CAFA.

**REVERSED and REMANDED.**